## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEXAS STATE AQUARIUM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-214 |
| | § | |
| FISHMAN CHEMICAL OF NORTH | § | |
| CAROLINA, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on March 31, 2017 the Court **GRANTED** Plaintiff Texas State Aquarium's Motion for Default Judgment against Asiamerica Enterprise, Inc., Dkt. No. 65; and **GRANTED** Third Party Plaintiff Fishman Chemical of North Carolina, LLC's Motion for Default Judgment against Asiamerica Enterprise, Inc., Dkt. No. 66.

## I.      Relevant Background

On May 14, 2015 Plaintiff Texas State Aquarium Association D/B/A Texas State Aquarium ("TSA") filed a complaint against Defendants Fishman Chemical of North Carolina, L.L.C. ("Fishman Chemical"), David A. Fishman ("D. Fishman"), and Michael Fishman ("M. Fishman") (collectively "Defendants"). Compl., Dkt. No. 1. TSA filed its first amended complaint on May 18, 2015, alleging, *inter alia*, a breach of contract claim against Fishman Chemical. First Am. Compl., Dkt. No. 4. TSA alleged that on April 8, 2015 it purchased 1 kilogram of trichlorfon, a chemical used to treat parasites in water systems, from Fishman Chemical, and subsequently received a package labeled as 1 kilogram of tricholorfon. *Id.*, ¶ 3.6. TSA alleged that after administering chemicals from this package to its 240,000-gallon seawater system, the system immediately experienced a 98% mortality rate, resulting in the almost immediate loss of 389 specimens. *Id.*, ¶¶ 3.2, 3.10. TSA further alleged that the death of these specimens resulted from Fishman Chemical's provision to TSA, in violation of the parties' contract, "a product that was not trichlorofon," but instead the highly toxic chemical hydroquinone. *Id.*, ¶ 4.4. TSA filed a motion for summary

judgment on its breach of contract claim against Fishman Chemical on July 22, 2016. Dkt. No. 49.

On December 16, 2015, with leave of the Court, TSA filed its third amended complaint adding Defendants A-FAM, LLC d/b/a National Fish Pharmaceuticals, Asiaamerica Enterprise, Inc. d/b/a 2A Pharmachem USA ("Asiamerica"), and AA Tech Solution, Inc.. Third Am. Compl., Dkt. No. 32. In this complaint TSA alleged, among other things, a breach of contract claim against Fishman Chemical essentially identical to the contract claim raised in TSA's initial filing. *See* Dkts. No. 1 and 32. Fishman Chemical filed an answer to this complaint on December 28, 2015. Dkt. No. 28. Meanwhile, on December 22, 2015, with leave of the Court, Fishman Chemical filed a third party complaint against Asiamerica, alleging the company "is liable for all of Plaintiff's claims against Defendant [TSA]" on the basis that "the chemical it sold to Defendant," which was "subsequently sold to TSA," was "not trichlorfon as represented, but was hydroquinone." Third Party Compl., Dkt. No. 27 ¶¶ 7, 9. Asiamerica, unrepresented by counsel, responded to this complaint in letter form on April 11, 2016. *See* Dkt. No. 38. TSA then filed a motion for default judgment against Asiamerica on September 6, 2016. Dkt. No. 56.

In a September 13, 2016 Order, the Court denied TSA's motion for summary judgment against Fishman Chemical, on the basis that it had failed to substantiate damages resulting from Fishman Chemical's breach of contract. Dkt. No. 57. In this same Order the Court also struck TSA's motion for default judgment against Asiamerica, on the basis that TSA had failed to service proper notice of its motion on Asiamerica and filed its motion out of time. *Id.* On September 22, 2016, TSA and Fishman Chemical filed an unopposed motion and stipulation to enter final judgment between these two parties, attaching affidavit and other evidence from TSA attesting to its damages as a result of Fishman Chemical's breach of contract. Dkt. No. 63. On this same date, the Court heard argument from TSA and Fishman Chemical on their joint motion in a hearing, and approved their stipulated final judgment, ordering, among other relief, "that plaintiff, TSA, recover the sum of $993,311.44 and its court costs from defendant Fishman Chemical." Dkt. No. 64 at 1. In this hearing, the Court also granted leave for TSA and Fishman Chemical to

file dispositive motions as to third-party defendant Asiamerica. Asiamerica did not appear at this hearing.

On September 23, 2016, TSA filed a Motion for Default Judgment against Asiamerica. Dkt. No. 65. On October 17, 2016, Fishman Chemical followed suit. Dkt. No. 66. Asiamerica's deadlines to respond to these motions lapsed on October 14, 2016 and November 7, 2016, respectively, and the company has yet to file any response to either motion. On November 16, 2016, Asiamerica filed an Involuntary Petition under Chapter 7 of the United States Bankruptcy Code, and this case was automatically stayed pursuant to 11 U.S.C. § 362. *See* Dkt. No. 68. This stay was lifted on February 10, 2017. *See* Dkt. No. 70. As Asiamerica's deadlines to respond to TSA and Fishman Chemical's motions for default judgment lapsed before Asiamerica entered Chapter 7 proceedings, the Court ordered that it would not extend any deadlines or reschedule any trial settings prior to its resolution of these pending motions. *See* Dkt. No. 70.

## II.    Legal Standard

Federal Rule of Civil Procedure 55 authorizes a court to enter a default judgment when a defendant fails to appear in an action after service of process. Fed. R. Civ. P. 55(b)(2). Nonetheless, a plaintiff is not entitled to default judgment as of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Instead, the court must consider the pleadings and find sufficient basis therein. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* That is, "[u]nlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default." *J & J Sports Prods., Inc. v. Gamez*, No. 7:12-CV-333, 2013 WL 1790129, at *1 (S.D. Tex. Apr. 26, 2013) (quoting *Frame v. S–H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992) (citations omitted)).

## III.    Analysis

### a.    TSA's Motion for Default Judgment against Asiamerica

In its Motion for Default Judgment, TSA states that pursuant to Federal Rule of Civil Procedure 12, Asiamerica was required to file a responsive pleading or

otherwise defend the action against it. Dkt. No. 65 at 3. Asiamerica did file a response to TSA's third amended complaint adding Asiamerica as a defendant, but in letter format and unrepresented by counsel. *See* Dkt. No. 38. TSA's motion for default argues that because this communication was not an "appropriate federal court answer" and because Asiamerica has not appeared before the Court with licensed counsel, Asiamerica has "failed to properly appear." Dkt. No. 65 at 3. TSA further states that Asiamerica is "not in the military service." *Id.* Finally, TSA states that it sent a copy of its motion by certified mail to Asiamerica, in compliance with Local Rule 5.5. *Id.* Finally, TSA requests a default judgment against Asiamerica under Federal Rule of Civil Procedure 55(a). *Id.*

TSA alleges it is entitled to relief against Asiamerica because Asiamerica "manufactured, designed, tested, and/or distributed" a chemical distributed to Fishman Chemical, which then became the "producing and proximate cause of the death of fish and mammals owned and cared by [*sic*] TSA." *Id.* TSA requests that the Court enter default judgment against Asiamerica awarding "unliquidated damages in the amount of $993,311.44." Dkt. No. 65 at 4. Its allegations and calculation of damages are supported by affidavit and other evidence that were reviewed by the Court in its September 22, 2016 hearing.

The Court finds that TSA has demonstrated it is entitled to default judgment against Asiamerica, and GRANTS its instant motion, Dkt. No. 65.

### b. Fishman Chemical's Motion for Default Judgment against Asiamerica

In its Motion for Default Judgment, Fishman Chemical argues that default judgment is appropriate against Asiamerica by detailing the same facts and arguments explicated in TSA's motion. *See* Dkt. No. 66. Fishman Chemical states that it sent a copy of its motion by certified mail to Asiamerica, in compliance with Local Rule 5.5. *Id.* at 4. Finally, TSA requests a default judgment against Asiamerica under Federal Rule of Civil Procedure 55(a). *Id.* at 3. Fishman Chemical alleges it is entitled to relief against Asiamerica because Asiamerica "manufactured, designed, tested, and/or distributed" a chemical and provided it to Fishman Chemical, "thereby causing damages at the Texas State Aquarium." *Id.*

Fishman Chemical requests that the Court enter default judgment against Asiamerica in the amount of "$993,311.44 in actual damages, court costs, $83,787.50 in attorneys' fees, and post-judgment interest at the rate of .61%." Dkt. No. 66 at 4. Its allegations and calculation of damages are supported by affidavit and other evidence. The Court finds that Fishman Chemical has demonstrated it is entitled to default judgment against Asiamerica, and GRANTS its instant motion, Dkt. No. 66.

## IV.  Analysis

For the foregoing reasons, the Court:

- **GRANTS** TSA's motion for default judgment against Asiamerica, Dkt. No. 65;

- **GRANTS** Fishman Chemical's motion for default judgment against Asiamerica, Dkt. No. 66;

- **ORDERS** that a default judgment be entered against Defendant Asiamerica as to Plaintiff TSA;

- **ORDERS** that a default judgment be entered against Third Party Defendant Asiamerica as to Third Party Plaintiff Fishman Chemical;

- **AWARDS** to TSA:
    1) $993,311.44 in actual damages;
    2) $83,787.50 in attorneys' fees as well as full costs of court; and
    3) Post-judgment interest at the rate of .61%; and

- **AWARDS** to Fishman Chemical:
    1) $993,311.44 in actual damages;
    2) $83,787.50 in attorneys' fees as well as full costs of court; and
    3) Post-judgment interest at the rate of .61%.

SIGNED this 31st day of March, 2017.

Hilda Tagle
Senior United States District Judge